E-FILED
Monday, 24 May, 2021 05:49:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RYAN CARABOOLAD, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

H & I FITNESS, LTD, an Illinois corporation,

Defendant.

NO.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff Ryan Caraboolad ("Plaintiff Caraboolad" or "Caraboolad") brings this Class Action Complaint and Demand for Jury Trial against Defendant H & I Fitness, LTD d/b/a FitClub ("Defendant FitClub" or "FitClub") to stop the Defendant from violating the Telephone Consumer Protection Act by sending multiple telemarketing text messages *without consent* to consumers who registered their phone numbers on the National Do Not Call registry ("DNC"). Plaintiff Caraboolad, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Ryan Caraboolad is a resident of Nashville, Tennessee.

2. Defendant FitClub is an Illinois registered corporation headquartered in Springfield, Illinois. Defendant FitClub conducts business throughout this District.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant since the Defendant resides in this District and marketed to Plaintiff from this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its last term, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 4.9 billion robocalls were placed in March 2021 alone, at a rate of 159.4 million per day. www.robocallindex.com (last visited April 29, 2021).

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

16. FitClub is a d/b/a of H & I Fitness Ltd.[3]

17. FitClub owns and operates 3 fitness clubs in Springfield, Illinois.

18. FitClub engages in telemarketing in order to solicit business from consumers, including the use of text message marketing to consumers who have not provided consent to Defendant FitClub to receive text messages.

19. In sending unsolicited text messages to consumers, FitClub is sending multiple text messages to phone numbers that are registered on the DNC, such as Plaintiff's cell phone number.

20. In response to these text messages, Plaintiff Caraboolad files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Class and costs.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.fitclub.net/privacy

**PLAINTIFF CARABOOLAD'S ALLEGATIONS**

21. Plaintiff Caraboolad registered his phone number on the DNC on February 3, 2007.

22. Plaintiff Caraboolad's phone number is not associated with a business and is used for personal use only.

23. On April 14, 2021 at 2:17 PM, Plaintiff Caraboolad received an unsolicited text message from Defendant, from phone number 217-394-9243 to Plaintiff's cell phone:




*Figure 1 - April 14, 2021*

24. The text message contains a solicitation as it advertises a FitClub gym membership at $20/month for the first 6 months.

25. The link in the text message (https://pages.fitclub.net/text) leads to a page detailing Fitclubs $20/month membership, which requires a 12-month contract after which members will pay either $39.20 or $49 per month:

Get 6 Months at $20/mo.

Notes: Offer valid during the month of April. New members receive a $100 service credit. Full contract will be for 12 months total, including the discounted months. New members must also pay full, prorated amount and key-tag cost at sign-up. After the first 6 months of the special $20 rate, member will pay either $39.20 or $49 per month. [4]

26. On April 21, 2021 at 4:27 PM, Plaintiff Caraboolad received a 2nd unsolicited text message from Defendant, again from phone number 217-394-9243 to Plaintiff's cell phone.

27. The 2 text messages that Plaintiff received can be seen below:




*Figure 2 - Today = April 21, 2021*

28. The 2nd text message also contains a solicitation, as it asks Plaintiff to register for a 6-week fitness challenge.

[4] https://pages.fitclub.net/text

29. The link in the 2nd text message forwards automatically to https://fitclub.click/sale-page.

30. At the above stated website, the 6 week challenge is priced at $99:

Credit Card Information

Credit Card Number:

Card number

Exp: CVC Code:

MM / YY CVC

| Item | Price |
|---|---|
| 6 Week Challenge | $99 |

[5]

31. Plaintiff Caraboolad has not provided consent to FitClub to send him solicitation text messages and the Plaintiff has no existing business relationship with FitClub.

32. In fact, Plaintiff Caraboolad has not resided in Illinois since December of 2015.

33. The unauthorized solicitation text messages that Plaintiff received from FitClub, as alleged herein, have harmed Plaintiff Caraboolad in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

34. Seeking redress for these injuries, Plaintiff Caraboolad, on behalf of himself and a Class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited text messages to telephone numbers that are registered on the DNC.

[5] https://fitclub.click/sale-page

## CLASS ALLEGATIONS

35. Plaintiff Caraboolad brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Class:

> **<u>Do Not Call Registry Class:</u>** All persons in the United States who from four years prior to the filing of this action through trial (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom Defendant claims it obtained the person's number in substantially the same manner it obtained Plaintiff's number.

36. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Caraboolad anticipates the need to amend the Class definitions following appropriate discovery.

37. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

38. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant FitClub systematically sent multiple text messages to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to send the text messages;

(b) whether Defendant FitClub's texts to Plaintiff and other consumers were made for telemarketing purposes;

(c) whether Defendant's conduct constitutes a violation of the TCPA; and

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

39. **Adequate Representation**: Plaintiff Caraboolad will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Caraboolad has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff Caraboolad and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Caraboolad nor his counsel have any interest adverse to the Class.

40. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Caraboolad. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**

**(On Behalf of Plaintiff and the Do Not Registry Class)**

41. Plaintiff Caraboolad repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

44. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one text message in a 12-month period sent by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

46. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

47. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Caraboolad, individually and on behalf of the Class, prays for the following relief:

48. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff Caraboolad as the representative of the Class; and appointing his attorneys as Class Counsel;

49. An award of actual and/or statutory damages and costs;

50. An order declaring that Defendant's actions, as set out above, violate the TCPA;

51. An injunction requiring Defendant to cease all unsolicited calling/texting activity, and to otherwise protect the interests of the Class; and

52. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Caraboolad requests a jury trial.

Respectfully Submitted,

**RYAN CARABOOLAD**, individually and on behalf of all those similarly situated individuals,

DATED this 24th day of May, 2021.

By: /s/ *Juneitha Shambee*
Juneitha Shambee Esq.
Shambee Law Office, Ltd.
701 Main St., Ste. 201A
Evanston, IL 60202
Telephone: (773) 741-3602
juneitha@shambeelaw.com
ARDC# 6308145

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice motion forthcoming*